UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ALLEN HOLLON,

    Plaintiff,

    v.      CAUSE NO. 3:24-CV-584-CCB-MGG

WARDEN BRIAN ENGLISH[1] and S. DWYER,

    Defendants.

OPINION AND ORDER

Michael Allen Hollon, a prisoner without a lawyer, filed a complaint and a Motion for Preliminary Injunction. ECF 1 and 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hollon alleges he wrote to the defendants and told them he had been attacked three times in another prison. He told them two gangs planned to attack him at Miami and he needed to be in protective custody because there had been several murders and

---

[1] Hollon names the "Superintendent" of the Miami Correctional Facility as a defendant, but on July 1, 2017, Indiana changed the title from "Superintendent" to "Warden." *See* 2017 Indiana Senate Enrolled Act 387 and Indiana Code 11-8-2-7. The clerk will be directed to change the defendant from Superintendent to Warden Brian English.

inmates had ready access to homemade weapons. He alleges no one acted to protect him from the attack on March 19, 2024, which resulted in serious injuries and helicopter transport to the hospital. These allegations state a claim against Warden English and Dwyer. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

Hollon also alleges he is in general population and still in danger. He seeks injunctive relief ordering that he be moved out of general population. Under the Eighth Amendment, prison officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). In his official capacity, Warden English has both the authority and the responsibility to ensure that Hollon is protected from attack by other inmates as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The complaint states a claim for permanent injunctive relief against Warden English.

Hollon seeks preliminary injunctive relief. ECF 3. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Warden English must respond to the request for preliminary injunctive relief.

For these reasons, the court:

(1) DIRECTS the clerk to edit the docket to show the defendant listed as Superintendent is Warden Brian English;

(2) GRANTS Michael Allen Hollon leave to proceed against Warden Brian English and S. Dwyer in their individual capacities for compensatory and punitive damages for not protecting him from attack on March 19, 2024, as required by the Eighth Amendment;

(3) GRANTS Michael Allen Hollon leave to proceed against Warden Brian English in his official capacity to obtain permanent injunctive relief to protect him from attack by other inmates at the Miami Correctional Facility as required by the Eighth Amendment;

(4) DIRECTS, under 28 U.S.C. § 1915(d), the clerk to request Waiver of Service from Warden Brian English and S. Dwyer at the Indiana Department of Correction **and** by email to the Miami Correctional Facility with a copy of this order, the complaint (ECF 1), and the motion for preliminary injunction (ECF 3);

(5) DIRECTS the clerk to make a docket notation upon receiving confirmation of receipt of those documents by Warden Brian English;

(6) ORDERS Warden Brian English to file and serve a response to the preliminary injunction, as soon as possible but not later than August 7, 2024, (with supporting documentation and declarations from other staff as necessary) describing/ explaining how Michael Allen Hollon is being protected from attack by other inmates; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Brian English and S. Dwyer to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R.

3

10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on July 19, 2024.

                                                  s/ Cristal C. Brisco
                                                  CRISTAL C. BRISCO, JUDGE
                                                  UNITED STATES DISTRICT COURT