UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ALLEN HOLLON,

    Plaintiff,

       v.                          CAUSE NO. 3:24-CV-584-CCB-SJF

BRIAN ENGLISH, et al.,

    Defendants.

<u>OPINION AND ORDER</u>

Michael Allen Hollon, a prisoner without a lawyer, filed a motion asking for a preliminary injunction ordering Warden Brian English to protect him from attack by fellow inmates. ECF 3. Warden English filed a response. ECF 8. Hollon did not file a reply brief, but he did file several documents which the court will construe as his reply. ECF 11, 17, 19, 20, and 23.

In the preliminary injunction motion, Hollon alleged he was in danger because he was being held in general population. ECF 3. In the complaint, he explained how he had been attacked by gang members at the Miami Correctional Facility. ECF 1. In an exhibit to the complaint, he noted that he had been attacked three times at the Correctional Industrial Facility. ECF 1-1 at 1.

With his response, the Warden includes the declaration of Nathanael Angle which explains why Hollon is not currently in danger.

> 13. Currently, Mr. Hollon is still being housing in AHU restricted housing. I believe that Mr. Hollon is safely housed in AHU.

14. Offenders in restricted housing are housed alone in single cells and kept separate from members of the general prison population.

15. In restricted housing, when offenders are outside of their cell, they are escorted one-by-one in restraints. No offenders in restricted housing are permitted outside of their cells without restraints.

16. When offenders in restricted housing participate in recreation, they are escorted by custody staff to an individual, enclosed outside recreation area. There is no mass, open recreation area in restricted housing.

ECF 8-1 at 3.

Hollon's first "reply" was a motion asking for a temporary restraining order. ECF 11. It was denied because the relief he sought duplicated that in the already partially briefed motion for preliminary injunction. ECF 13.

Hollon's second "reply" is an unsigned letter saying he is being held "incognito" and asking to be transferred to the New Castle Correctional Facility. ECF 17. The court struck the letter because it was unsigned. ECF 18. Hollon was told that he needed to file a signed reply brief and "explain where he is currently housed and why he believes he is currently in danger." ECF 18.

Hollon's third "reply" is a response to the declaration of Nathanael Angle. ECF 19. It focuses on disputing Angle's description of how many times Hollon sought protective custody. Hollon states he asked for protective custody much less often than Angle says he did. Most relevant, Hollon does not dispute Angle's declaration that he is in restricted housing where other inmates cannot physically assault him.

Hollon's fourth "reply" discusses his complaint and past events related to it. ECF 20. This filing says nothing about him currently being in danger of attack by fellow

inmates. It asks for damages for the injuries he suffered in previous attacks and says he has not been attacked since March 19, 2024.

Hollon's fifth "reply" is another response to the declaration of Nathanael Angle. ECF 23. Hollon again says Angle lied about how many times he requested protective custody, but Hollon does not dispute Angle's assertion that he is currently safe from attack by other inmates because he is in restricted housing. Hollon repeats that he wants to be transferred to the New Castle Correctional Facility.

The issue before the court today is Hollon's motion for a preliminary injunction. This order does not address the merits of Hollon's claim for monetary damages based on his allegation that the defendants did not protect him from attack in the past. This order is only about whether Warden English should be ordered to protect him from attack by other inmates in the future. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Hollon has not made such a showing.

As to the first prong, "the applicant need not show that it definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally

includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id*. at 763 (quotation marks omitted). Here, the record before the court does not show that Hollon is in danger of being attacked by other inmates. The undisputed evidence shows Hollon is in restricted housing where other inmates do not have the ability to physically assault him.

As to the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. "Mandatory preliminary injunctions – those requiring an affirmative act by the defendant – are ordinarily cautiously viewed and sparingly issued [because] review of a preliminary injunction is even more searching when the injunction is mandatory rather than prohibitory in nature." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Here, the record before the court does not show that Hollon will likely suffer irreparable harm while he is in restricted housing at the Miami Correctional Facility.

Hollon wants to be transferred to the New Castle Correctional Facility. However,

[t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

4

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (cleaned up). Here, Hollon has not

demonstrated that the current conditions of his confinement violate his federal rights.

There is no basis for granting him injunctive relief and there is no basis for ordering that

he be transferred to the New Castle Correctional Facility.

    For these reasons, the court DENIES the motion for a preliminary injunction

(ECF 3).

    SO ORDERED on October 16, 2024

                        s/ Cristal C. Brisco
                        JUDGE
                        UNITED STATES DISTRICT COURT